UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LINNZI ZAORSKI,** | * | **CIVIL ACTION** |
|     **PETITIONER** | * | |
| | * | **CASE NO.   25-cv-2079** |
| **VERSUS** | * | |
| | * | |
| **PATRICIA OPPENHEIM ET AL,** | * | **SECTION "I" (3)** |
|     **RESPONDENTS** | * | |
| | * | |
| | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

MAY IT PLEASE THE COURT:

    This habeas corpus petition does not arise out of criminal proceedings. It instead arises from child custody proceedings in Louisiana's 22nd Judicial District Court. *See* SCR, Vol. 1 (docket sheet for *Linnzi Zaorski v. Nicholas Usner*, 2017-13865 "L"); SCR, Vol. 9, pp. 106-109 (proceedings instituted by *Petition to Establish Paternity, Custody, Child Support, and Relocation*).

    The mother (Zaorski) and father (Usner) initially signed a *Consent Judgment* in an effort to amicably settle their differences. SCR, Vol. 9, pp. 101-105. Eventually, the father moved to have the mother held in contempt of court for violating the terms

of the *Consent Judgment*. SCR, Vol. 3, pp. 484-489 (father's pleading seeking to hold mother in contempt). The trial court did indeed hold the mother in contempt. SCR, Vol. 2, pp. 559-573 (judgment holding mother in the contempt and reasons for judgment).

The trial court's contempt judgment provided in pertinent part as follows:

> Linnzi Zaorski is hereby sentenced to serve 15 days in the St. Tammany Parish jail and fined $250 payable to the Court through the St. Tammany Parish Sheriff's Office. The fine and sentence are suspended on the following conditions:
>
> a.  Linnzi Zaorski's payment of attorney's fees in the amount of $4,625.00 and Court costs associated with the filing of Nicholas Usner's Rule for Contempt, filed January 2, 2020 directly to Zara Zeringue, counsel for Father, on or before February 1, 2022; and
>
> b.  Linnzi Zaorski not being found in contempt of court in any future proceeding.

SCR, Vol. 2, pg. 560.

The judgment has been affirmed in part. *Zaorski v. Usner*, 22-1326 (La. App. 1 Cir. 10/31/23), 382 So.3d 959, *writ denied*, 24-0119 (La. 3/12/24), 381 So.2d 50, *cert. denied*, 145 S. Ct. 164 (2024).

Linnzi Zaorski paid attorney's fees in the amount of $4,625.00 directly to Zara Zeringue by cashier's check in February 2022.[1] She has not been found in contempt of court in any subsequent proceeding.[2] For that reason, she has never been required to pay $250 to the state district court and not set foot in the St.

---

1  Because the payment was made directly to the attorney for Mr. Usner, the payment information is not contained in the state court record. The respondent submits that it would be appropriate for the court "to direct the parties to expand the record" regarding this point. See *Rules Governing Section 2254 Cases*, Rule 7.

2  See entire state court record.

Tammany Parish jail.

The instant petition was filed October 3, 20<u>25</u>. At that time, the only restriction on Linnzi Zaorski's liberty caused by the contempt order was the condition that she "not be[] found in contempt of court in any future proceeding."

Under these circumstances, the petitioner is not "in custody" within the meaning of 28 U.S.C. § 2241 and for that reason the Court lacks subject matter jurisdiction to adjudicate her petition.

## LAW AND ARGUMENT

For a federal court to have jurisdiction to entertain a habeas corpus petition, the petitioner must be "in custody" when she files her petition. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989).

The respondent recognizes that a contempt order issued in the context of civil litigation *can* cause an individual to be "in custody" for habeas corpus purposes. *See, e.g.*, *Topletz v. Skinner*, 7 F.4th 284 (5th Cir. 2021). The respondent also recognizes that a petitioner *can* be "in custody" even though not physically confined. *Hensley v. Municipal Court*, 441 U.S. 345 (1973). But that requires the petitioner to show the existence of restraints on her liberty that are both "severe" and "immediate." *Id.* at 351; *Spring v. Caldwell*, 692 F.2d 994, 997 (5th Cir. 1982).

1. In *Hensley, supra*, the Supreme Court explained that habeas corpus procedures may be used only for circumstances involving restraint on liberty that is both "severe" and "immediate." 441 U.S. at 351. The petitioner in that case had been convicted and sentenced but had been released on his own recognizance and

was awaiting the execution of sentence. The Court concluded that the restrictions on his liberty were sufficiently severe and that the possibility of incarceration was sufficiently immediate, as follows;

> First, he is subject to restraints 'not shared by the public generally,' *Jones v. Cunningham*, [371 U.S. 236 (1963),] at 240, that is, the obligation to appear 'at all times and places as ordered' by '(a)ny court or magistrate of competent jurisdiction.' Cal. Penal Code ss 1318.4(a), 1318.4(c). He cannot come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. Disobedience is itself a criminal offense. The restraint on his liberty is surely no less severe than the conditions imposed on the unattached reserve officer whom we held to 'in custody' in *Strait v. Laird*, [406 U.S. 341 (1972)].
>
> Second, petitioner remains at large only by the grace of a stay entered first by the state trial court and then extended by two Justices of this Court. The State has emphatically indicated its determination to put him behind bars, and the State has taken every possible step to secure that result. His incarceration is not, in other words, a speculative possibility that depends on a number of contingencies over which he has no control. This is not a case where the unfolding of events may render the entire controversy academic. The petitioner has been forced to fend off the state authorities by means of a stay, and those authorities retain the determination and the power to seize him as soon as the obstacle of the stay is removed. The need to keep the stay in force is itself an unusual and substantial impairment of his liberty.

*Hensley*, 406 U.S. at 351-352.

    2.    In *Spring v. Caldwell*, 692 F.2d 994 (5th Cir. 1982), the Fifth Circuit applied *Hensley* to an individual who had been convicted of a misdemeanor offense and had been sentenced to pay a fine, and for whom an arrest warrant had issued due to his failure to pay that fine. *Id.* at 995-996. The district court granted habeas corpus relief, reasoning that the petitioner was "in custody" because he "faced

imminent incarceration as a sanction for refusing to pay the fine." *Id*. at 997 (citing *Spring v. Caldwell*, 516 F.Supp. 1223, 1227 (S.D. Tex. 1981)). The Fifth Circuit reversed because the petitioner was not "in custody."

The Fifth Circuit looked first to the *severity* of the restrictions on Spring's liberty. There were none: "supervisory control by state judicial officers is entirely lacking here." 692 F.2d at 998. "There are no conditions or restraints on his liberty arising out of the sentence imposed upon him." *Id*.

The Fifth Circuit next looked to the *immediacy* of the petitioner's anticipated incarceration. It distinguished *Hensley* as follows: "the possible incarceration here does not depend on a number of factors over which Spring has no control. On the contrary, by paying the fine, Spring will be able to avoid his incarceration altogether. He truly holds the keys to the jailhouse door." 692 F.2d at 998.[3]

*Spring v. Caldwell* has in subsequent cases been cited for the proposition that an individual is not "in custody" as would confer subject matter jurisdiction upon a federal court when there are no limitations on an individual's freedom of movement and when incarceration can be avoided by voluntary action on the part of the petitioner. *See, e.g., Gore v. Callahan*, 2015 WL 4162760, at *2 (N.D. Tex. 7/07/15), *R&R adopted*, 2015 WL 4190784 (N.D. Tex. 7/09/15).[4]

---

3   The court emphasized that "Spring has not alleged indigency or inability to pay the fine. If he is incarcerated, it will be for his willful refusal to pay the fine." 692 F.2d at 998 & n. 4.

4   In *Gore,* the Court reasoned in pertinent part that the petitioner "has no restrictions on his movement as a result of the December 3, 2013 order that he challenges" and that "he has complete control over whether he will be incarcerated because he needs only to pay the child support he owes pursuant to state law to avoid incarceration."

3. In this case, Linnzi Zaorski is not in custody now and was not in custody at the time she filed her habeas petition. The state district court's contempt order imposes no meaningful restraints on her liberty. There is no restriction of her freedom of movement; supervisory control by state judicial officers is entirely lacking. *Cf. Spring v. Caldwell, supra.*

The only condition that Zaorski must follow is that she not engage in conduct that would cause her to be held in contempt of court. To the extent that this condition may be considered a "restraint," it is a restraint that is shared by the public generally. All persons are forbidden from engaging in conduct that would cause them to be held in contempt of court. *But cf. Hensley, supra* (custody requires restraint "not shared by the public generally").

Finally, the prospect that Zaorski will be incarcerated in the future depends entirely on factors within her control: she "truly holds the keys to the jailhouse door," *cf. Spring, supra,* because it is within her power to not engage in conduct that would cause her to be held in contempt of court.

For these reasons, Linnzi Zaorski—like the petitioner in *Spring v. Caldwell*— The petitioner is not "in custody" within the meaning of the statutory scheme governing federal habeas corpus petitions. Her petition should therefore be dismissed for lack of subject matter jurisdiction.

## RESERVATION OF RIGHTS

The respondents assert that Linnzi Zaorski's petition should be dismissed for lack of subject matter jurisdiction. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

## CONCLUSION AND PRAYER

For the reasons stated above, the court lacks subject matter jurisdiction over the petitioner's claims because she is not in custody. The respondents therefore respectfully pray that the Court dismiss the instant petition.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney,
22nd Judicial District
701 Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Louisiana using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                              /s/ Matthew Caplan
                                                              Matthew Caplan
                                                              La. Bar No. 31650
                                                              Assistant District Attorney
                                                              22nd Judicial District
                                                              Covington, LA 70433