UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LINNZI ZAORSKI,** | * | **CIVIL ACTION** |
| *Plaintiff* | * | **NO. 2: 25-CV-2079** |
| | * | |
| VS. | * | **SEC. I   LMA** |
| | * | |
| **PATRICE OPPENHEIM,** *ET AL* | * | **MAG. 5   EJD** |
| *Respondents* | * | |
| | * | |

..................................................................

### PETITIONER'S MEMORANDUM IN REPLY TO RESPONDENTS' RESPONSE TO PETITION FOR *HABEAS CORPUS* RELEF [DOC. 17]

*May it Please the Court:*

Petitioner Linnzi Zaorski, through the undersigned counsel, respectfully replies to Respondents Judge Patrice Oppenheim and Sheriff Randy Smith's December 29, 2025, *Response to Petition for Habeas Corpus Relief* [Doc. 17], which effectively concedes[1] at this stage the requisite exhaustion of state remedies and timeliness of the petition, as follows:

---

1. In the Court's October 7, 2025, *Order* [Doc. 3], Respondents were ordered in their answer to the petition for *habeas corpus* relief to "*state whether petitioner has exhausted state remedies…and whether the one-year period of limitation for filing this petition has expired.*"

1

**1) Respondents do not contest the claim that Petitioner, as a matter of law, was held to be in *criminal contempt* of court by the state trial court.**

The state court record is clear that Petitioner was found in contempt of court on October 15, 2021, sentenced to a *fixed jail sentence of 15 days* in the St. Tammany Parish jail, and fined $250.00 payable to the Court, with the *15-day fixed jail term* and fine *suspended* if she paid the opposing counsel's attorney's fees ($4,625.00), and court costs, and was not "*found in contempt in any future proceeding*." Because the jail sentence is for a *fixed term*, instead of a sentence containing a "purge clause" which allows her to end the incarceration by complying with the disobeyed court order, as a matter of law it is a *criminal contempt of court* conviction. *Hicks v. Feiock*, 485 U.S. 624, 631-632, 108 S. Ct. 1423, 1429 (1988); *Billiot v. Billiot*, 805 So.2d 1170, 1173-1174 (La. 2002); *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 114 S. Ct. 2552 (1994); *Turner v. Rogers*, 564 U.S. 431, 441-442, 131 S. Ct. 2516-2517 (2011); *Topletz v. Skinner*, 7 F. 4th 284, 294-295 (5th Cir. 2021); *Lewis v. Lewis*, 373 P.3d 878 (Nev. 2016); *Jones v. State*, 718 A.2d 222 (Md. 1998); *Armstead v. Armstead*, 2024 WL 3075029 (Ky. App. 2024); *Crandell v. Cabinet for Health & Family Services*, 642 S.W.3d 686 (Ky. 2022); *Evans v. Dredze*, 2024 WL 3462095 (Md. App. 2024). See also Roger Dale Juntunen, *Necessity and Sufficiency*

*of Purge Provision of Contempt Order related to Child Custody of Visitation*, 79 A.L.R. 7ᵀᴴ Aʀᴛ. 8 (2023).

**2) Respondents do not contest the claim that, as a matter of law, because Petitioner was found to be in *criminal contempt* of court and sentenced to a fixed jail sentence with no purge clause, her state and federal constitutional due process rights required that she be convicted only upon *proof beyond a reasonable doubt*.**

The law is abundantly clear that a *criminal contempt* finding requires proof *beyond a reasonable doubt*. *Billiot v. Billiot*, 805 So.2d 1170, 1173-1174 (La. 2002); *Lloyd v. Wilfred*, _____ So.3d _____, 2025 WL 3020427 (La. App. 5 Cir. 2025); *Ataya v. Suanphairin*, 358 So.3d 893 (La. App. 5 Cir. 2023); *Topletz v. Skinner*, 7 F.4ᵗʰ 284, 294-295 (5ᵗʰ Cir. 2021). *See also Bloom v. State of Illinois*, 391 U.S. 194, 88 S. Ct. 1477 (1968).

**3) Respondents do not contest the claim that Petitioner was wrongfully found by the Louisiana courts to be in *civil contempt of court* by a *preponderance of the evidence*, instead of by the constitutionally required *proof beyond a reasonable doubt* in this *criminal contempt* adjudication.**

In Ms. Zaorski's state court appeal, which affirmed the contempt adjudication and sentence, the appellate court unquestionably held that she was found to be in

3

what the trial court deemed *civil contempt* only by a *preponderance of the evidence*. *Zaorski v. Usner*, 382 So.3d 959 (La. App. 1 Cir. 2023), *writ den.*, 381 So.3d 50 (La. 2024), *cert. den.*, 145 S. Ct. 164 (2024).

**4) Respondents' only defense is the erroneous argument that Petitioner is not "in custody" for the purposes of 28 U.S.C.A. §§ 2241 & 2254.**

Petitioner was found in contempt of court on October 15, 2021, sentenced to a *fixed jail sentence of 15 days* in the St. Tammany Parish jail, and fined $250.00 payable to the Court, with the *15-day fixed jail term* and fine *suspended* if she paid the opposing counsel's attorney's fees ($4,625.00), and court costs, and was not "*found in contempt in any future proceeding*." The wholly untenably unconstitutional predicament in which Petitioner finds herself constitutes being "in custody" for the purpose of *habeas corpus* relief. Although she is not currently incarcerated behind bars, she is in a bizarre *Twilight Zone* state of permanent and forever probation, which could be revoked at any time during the rest of her life, if she should be again unlawfully deemed to be in contempt by any court anywhere by a preponderance of the evidence. In other words, until she dies, she faces the real fear of going to straight to jail for 15 days because of a judge's future unlawful repeated abuse of her due process rights. Respondent Judge Patrice Oppenheim apparently holds the mistaken belief that two "*preponderances of the evidence*"

4

equal one "*beyond a reasonable doubt.*" The unconstitutional predicate contempt conviction hanging over her head and imperiling her future freedom to the end of her days renders her to be "in custody" for *habeas corpus* purposes, even though she is not now incarcerated. See *Rubio v. Davis,* 907 F.3d 860 (5th Cir. 2018); *Spring v. Caldwell*, 692 F.2d 994 (5th Cir. 1982); *Willis v. Collins*, 989 F.2d 187 (5th Cir. 1993); *Grigsby v. Cotton*, 456 F.3d 727 (7th Cir. 2006); *Fischer v. Ozaukee County Circuit Clerk*, 741 F. Supp.2d 944, 947 (E.D. Wis. 2011); *McVeigh v. Smith*, 872 F.2d 725, 726-727 (6th Cir. 1989); *Nowakowski v. New York*, 835 F.3d 210 (2nd Cir. 2016).

*Habeas corpus* proceedings have long provided a remedy for those wrongfully convicted of contempt in disregard of their constitutional due process guarantees. *See, e.g., Ex parte Hudgings*, 249 U.S. 378, 39 S. Ct. 337 (1919); *Ex parte Grossman*, 267 U.S. 87, 45 S. Ct. 332 (1925); *Brandt v. Gooding*, 636 F. 3d 124 (4th Cir. 2011).

Accordingly, Petitioner Linnzi Zaorski respectfully prays that the Court a) find that she is "in custody" within the purview of 28 U.S.C.A. §§ 2241 & 2254; b) adjudicate her *habeas corpus* petition on the merits; c) grant her *habeas corpus* relief; and d) vacate the 22nd Judicial District Court for the Parish of St. Tammany's October 15, 2021, contempt of court adjudication and resulting sentence, entered by Respondent Judge Patrice Oppenheim, *in toto*.

Respectfully submitted,

*Richard Ducote*

Richard Ducote, Esq. (La. 5111)
Counsel for Petitioner Linnzi Zaorski
318 East Boston Street, Fl. 2
Covington, LA 70433
(985) 898-2755
(985) 898-2754 Fax
rducote@ducotelaw.com
service@ducotelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served on Respondents' counsel of record by email to his listed email address, and through the Court's CM/ECF system, this January 28, 2026:

Matthew Caplan, Esq., Assistant District Attorney, 22nd Judicial District Court

*Richard Ducote*

_____
Richard Ducote, Esq. (La. 5111)
Counsel for Petitioner

6