UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LINNZI ZAORSKI,** | * | **CIVIL ACTION** |
| **PETITIONER** | * | |
| | * | **CASE NO.   25-cv-2079** |
| **VERSUS** | * | |
| | * | |
| **PATRICE OPPENHEIM ET AL,** | * | **SECTION "I" (3)** |
| **RESPONDENTS** | * | |
| | * | |
| | * | |

**RESPONSE TO "MEMORANDUM IN REPLY" (DOC. 18)**

MAY IT PLEASE THE COURT:

This is a habeas corpus case in which the respondents deny that the petitioner is in custody (Rec. Doc. 17). The petitioner has filed a reply (Rec. Doc. 18), to which the respondents now respond.

I.

The respondents *do* contest each assertion that the petitioner claims the respondents "do not contest" (Rec. Doc. 18, pp. 2-4 (sections 1-3)). The state court adjudication of the petitioner's claims was not contrary to, and did not involve an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d).

The respondents simply requested leave to defer briefing of those issues until such time as the Court determines that it does have subject matter jurisdiction (Rec. Doc. 17, pg. 7). However, those questions are irrelevant to the jurisdictional inquiry: absent custody, this Court lacks authority to reach the merits of a habeas petitioner's claims. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989).

II.

The petitioner argues that she is "in custody" by characterizing the contempt adjudication as resulting in some form of perpetual or lifetime probation. That characterization finds no support in the state court record or in governing law. The petitioner does not dispute that, before filing the instant petition, she paid the attorneys fees to counsel for the opposing party in the state court litigation (thus purging the contempt). She does not allege that she has been found in contempt of court in any subsequent proceeding. As a result, there are presently no restrictions on the petitioner's liberty other than that she not be held in contempt in a subsequent proceeding.[1]

This "restriction" (if it may be called that) imposes no restraint on liberty beyond that shared by the public generally. All persons are obligated to comply with court orders and may be sanctioned if they do not. Such a generalized obligation does not constitute custody. The speculative possibility of future incarceration does not suffice to establish "custody" for jurisdictional purposes under § 2241, and none of the seven cases the petitioner cites suggest otherwise.

The first case the petitioner cites is *Rubio v. Davis*, 907 F.3d 860 (5th Cir.

---

1  Of course, any future contempt would require separate proceedings with separate findings.

2018). There, the petitioner was "civilly committed" as a "sexually violent predator" and this "required Rubio to reside in supervised housing, submit to GPS tracking, and comply with numerous other requirements." *Id*. at 861-862.² The petitioner plainly faced restraints on liberty beyond that shared by the public generally. The petitioner in this case faces no such restraints.

The second case the petitioner cites is *Spring v. Caldwell*, 692 F.2d 994 (5th Cir. 1982). There, the petitioner was found *not* to be "in custody" even though he claimed that he "faced imminent incarceration" as a sanction for failing to pay a fine. The restraints on petitioner Zaorski's liberty are far less severe than those faced in *Spring v. Caldwell*. If the petitioner in *that* case was not in custody, then the petitioner in *this* case—whose circumstances are less restrictive—cannot be in custody either.

The third and fourth cases cited by the petitioner are *Willis v. Collins*, 989 F.2d 187 (5th Cir. 1993), and *Grigsby v. Cotton*, 456 F.3d 727 (7th Cir. 2006). In those cases, the petitioners were actually incarcerated. *See Willis*, 989 F.2d at 188 (petitioner "currently serving a sentence for a 1989 burglary offense"); *Grigsby*, 456 F.3d at 729 (petitioner "currently serving a 50-year sentence"). The petitioner in this case is not incarcerated and never has been incarcerated.

The fifth and sixth cases cited by the petitioner are *Fischer v. Ozaukee County Circuit Court*, 741 F.Supp.2d 944 (E.D. Wisc. 2011), and *McVeigh v. Smith*, 872 F.2d

---

2   The issue in *Rubio* concerned the fact that the petitioner faced "two distinct state court judgments: a civil commitment order and a criminal conviction." 907 F.3d 860, 861. The district court reasoned that "Rubio is currently imprisoned under the 2013 criminal judgment, not the 2011 civil commitment order, and is therefore not 'in custody' under the judgment he is attempting to challenge." *Id*. at 862. The court of appeals applied the rule that "a prisoner serving consecutive sentences is considered to be 'in custody' under all of his sentences" and concluded that he was "in custody under the civil commitment order" because he "will be civilly committed upon the completion of his criminal sentence." *Id*. at 862-863.

725 (6th Cir. 1989). In both of those cases, the petitioners had been convicted and sentenced, but the execution of sentence had been stayed and the petitioners released on bail pending review of their claims. *See Fischer*, 741 F.Supp.2d at 947 (citing *Hensley v. Municipal Court*, 441 U.S. 345 (1973)); *McVeigh*, 872 F.2d at 727 (also citing *Hensley v. Municipal Court*, *supra*). The petitioner in this case faces no restraints which are comparable to bail obligations.

The final case cited by the petitioner is *Nowakowski v. New York*, 835 F.3d 210 (2d Cir. 2016). There, the state court sentenced the defendant "to a one-year conditional discharge, requiring him to complete one day of community service within that time." *Id*. at 214. The petitioner was later notified that the court required him "(1) to complete a day of community service (2) by a particular date and (3) to report to the Criminal Court upon completion of that service." 835 F.2d at 217. The Court reasoned that he was "in custody" because: "These restrictions are not shared by the public generally, require Nowakowski's physical presence at particular times and locations, both for community service and court appearances, and carry with them the potential for future adverse consequences during the term of the sentence, including arrest for noncompliance and modification or revocation of the conditional discharge." *Id*. at 217. The petitioner in this case faces no comparable restraints.

The cases cited by the petitioner demonstrate that, to be "in custody" to confer jurisdiction under 28 U.S.C. § 2241, an individual must face present, affirmative restraints on liberty. No such restraints exist in this case.

III.

The petitioner's *Memorandum in Reply* (Rec. Doc. 18) does not cure the jurisdictional defect identified in the respondents' answer (Rec. Doc. 17). Petitioner was not incarcerated at the time she filed her habeas petition, was not subject to supervision, reporting requirements, travel restrictions, or court appearances, and faced no imminent execution of sentence. The sole remaining condition—that she not be found in contempt in the future—imposes no restraint on liberty beyond that shared by the public generally. The speculative possibility of future incarceration, contingent on hypothetical future misconduct and a new contempt adjudication, is insufficient as a matter of law to establish custody.

## CONCLUSION AND PRAYER

Because petitioner was not "in custody" within the meaning of 28 U.S.C. §§ 2241 or 2254 at the time she filed her petition, this Court lacks subject matter jurisdiction to adjudicate her claims. Accordingly, respondents respectfully pray that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney,
22nd Judicial District
701 Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398

CERTIFICATE OF SERVICE

    I hereby certify that on February 5, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Louisiana using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    /s/ Matthew Caplan
Matthew Caplan
La. Bar No. 31650
Assistant District Attorney
22nd Judicial District
Covington, LA 70433