UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINNZI ZAORSKI | CIVIL ACTION |
| VERSUS | NO. 25-2079 |
| PATRICIA OPPENHEIM, ET AL. | SECTION: "I"(3) |

# REPORT AND RECOMMENDATION

Linnzi Zaorski filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED** for lack of subject matter jurisdiction.

This case arises from child custody proceedings in the Family Court division of the 22nd Judicial District Court in the Parish of St. Tammany. On September 12, 2017, the state district court entered a stipulated consent judgment between Zaorski and Nicholas Usner relating to the custody of their daughter.[1] On January 2, 2020, Usner filed a motion for contempt and sanctions alleging seventeen acts or omissions by Zaorski that violated the consent judgment.[2] After a trial,[3] the state district court found Zaorski in contempt for ten acts or omissions in violation of the custody

---

[1] R. Doc. 14-2 at 106–10, Consent Judgment, 9/7/17.
[2] R. Doc. 13-1 at 484–89, Expediated Rule for Contempt, Sanctions, and Incorporated Memorandum, 1/2/20.
[3] R. Doc. 16-19 at 19, Trial Minutes, 2/9/21; *id.* at 20, Trial Minutes, 3/24/21; *id.* at 21, Trial Minutes, 7/28/21; R. Doc. 16-12 at 12–174, Trial Transcript, 2/9/21; R. Doc. 16-13 at 2–20, Trial Transcript (con't), 2/9/21; *id.* at 21–132, Trial Transcript, 3/24/21; *id.* at 133–67, Trial Transcript, 7/28/21.

judgment.[4] On October 15, 2021, the court sentenced Zaorski to 15 days in jail and fined her $250.[5] The court suspended the fine and jail sentence on the conditions that Zaorski pay attorney's fees to Usner's counsel in the amount of $4,625 before February 1, 2022, and that she not be found in contempt of court in any future proceeding.[6]

Zaorski filed a motion for new trial, which the state district court denied on November 4, 2021.[7] On December 2, 2021, the Louisiana First Circuit Court of Appeal granted Zaorski's related writ application, vacated the order denying the motion for new trial, and remanded the matter to the district court with instructions to hold a hearing on the motion.[8]

The state district court held a hearing on the motion for new trial on December 20, 2021.[9] On February 1, 2022, the court denied Zaorski's motion for new trial as it

---

[4] R. Doc. 12-2 at 559–62, Judgment, 10/15/21; *id.* at 563–73, Written Reasons for Judgment, 10/15/21. In the interim, the court found it was in the best interest of the child to modify custody and designated Usner as the domiciliary parent. R. Doc. 16-5 at 124–30, Judgment, 10/19/20. The district court's judgment was affirmed on appeal. *Zaorski v. Usner*, 2021 CU 0530, 2021 WL 6070690 (La. App. 1st Cir. Dec. 22, 2021); R. Doc. 16-11 at 136–42. Zaorski's application for rehearing was denied. R. Doc. 16-11 at 143, La. App. 1st Cir. Order, 2021-CU-0530, 2/10/22.
[5] *Id.* at 561; *id.* at 571, Written Reasons for Judgment, 10/15/21.
[6] *Id.*; *id.* at 571, Written Reasons for Judgment, 10/15/21.
[7] R. Doc. 16-11 at 95–98, Plaintiff's Motion for New Trial, 10/29/21; *id.* at 99–105, Supplemental Memorandum in Support of Plaintiff's Motion for New Trial, 10/29/21; *id.* at 107–13, Amended Supplemental Memorandum in Support of Plaintiff's Motion for New Trial, 11/3/21; *id.* at 98, Order, 11/4/21.
[8] *Zaorski v. Usner*, No. 2021 CW 1474, 2021 WL 5750956 (La. App. 1st Cir. Dec. 2, 2021); R. Doc. 16-11.
[9] R. Doc. 16-13 at 168–84, Hearing Transcript, 12/20/21.

related to the contempt judgment.[10] Zaorski paid the attorney's fees directly to Usner's counsel by cashier check in February 2022.[11]

On appeal, Zaorski asserted that the state district court erred as a matter of law by applying the wrong standard of proof in a criminal contempt of court proceeding and in finding her in criminal contempt of court, where no proof beyond a reasonable doubt was established as to each element of criminal contempt regarding the ten acts and/or omissions.[12] On October 31, 2023, the Louisiana First Circuit found that the proceedings were for civil contempt because the trial court did not impose a conditional sentence; rather "Ms. Zaorski had the option to pay the attorney fees and court costs and comply with the trial court's judgment in order to avoid jail time and a fine."[13] The court affirmed the state district court's findings of contempt in seven instances and reversed the finding of contempt in three instances.[14] The court denied Zaorski's application for rehearing on December 20, 2023.[15]

---

[10] R. Doc. 16-11 at 144, Judgment, 2/1/22; *id.* at 95–98, Plaintiff's Motion for New Trial, 10/29/21; *id.* at 99–105, Supplemental Memorandum in Support of Plaintiff's Motion for New Trial, 11/2/21; *id.* at 107–13, Amended Supplemental Memorandum in Support of Plaintiff's Motion for New Trial, 11/2/21.
[11] *See* R. Doc. 17 at 2. Payment information is not included in the state court record. The parties, however, do not dispute that the payment was made.
[12] R. Doc. 16-14 at 21–42, Appeal Brief, 2022-CA-1326, 1/17/23.
[13] *Zaorski v. Usner*, 382 So.3d 959, 965 (La. App. 1st Cir. 2023); R. Doc. 16-15 at 43.
[14] *Id.* at 965–70; R. Doc. 16-15 at 43–50.
[15] R. Doc. 16-15 at 55, La. App. 1st Cir. Order, 2022-CA-1326, 12/20/23; R. Doc. 16-14, at 90–98, Application for Rehearing, 11/14/23.

The Louisiana Supreme Court denied Zaorski's related writ application without assigning reasons.[16] On October 7, 2024, the United States Supreme Court denied Zaorski's petition for writ of certiorari.[17]

## I.    Federal Petition

On October 3, 2025, Zaorski filed her counseled petition for habeas corpus.[18] Zaorski claims that the state district court erred in applying a preponderance of the evidence standard to find her in criminal contempt when the due process clause requires the application of proof beyond a reasonable doubt.

The State asserts that Zaorski is not "in custody" and, therefore, the Court lacks subject matter jurisdiction to adjudicate her petition.[19] The State did not address the issues of exhaustion, procedural default, or the merits of Zaorski's claims, but reserved its right to submit argument addressing those issues should the Court order further briefing.[20]

Zaorski replies that, because the contempt judgment, "hang[s] over her head and imperil[s] her future freedom to the end of her days," she is "in custody" for habeas corpus purposes.[21] Seemingly ignoring the State's reservation of rights Zaorski argues that the State "do[es] not contest" that: (1) she was held to be in criminal contempt; (2) in order to convict her of criminal contempt, due process

---

[16] *Zaorski v. Usner*, 381 So. 3d 50 (La. 2024); R. Doc. 16-15 at 1; *id.* at 2–55, La. S. Ct. Writ Application, undated.
[17] *Zaorski v. Usner*, 145 S.Ct. 164 (2024).
[18] R. Doc. 1.
[19] R. Doc. 17.
[20] *Id.* at 7.
[21] R. Doc. 18 at 5.

4

required proof beyond a reasonable doubt rather than a preponderance of the evidence; and (3) she was wrongfully found by the Louisiana courts to be in civil contempt rather than criminal contempt.[22]

The State filed a sur reply expressing that it does in fact contest the claims set forth by Zaorski in her reply memorandum, but asserts that the claims are irrelevant to the jurisdictional inquiry.[23] The State continues that the restriction that Zaorski not be held in contempt in a future proceeding imposes no restraint on her liberty beyond that shared by the public generally, and, given that and the speculative possibility of future incarceration, she is not in custody for purposes of federal habeas relief.[24]

## II.  General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[25] applies to Zaorski's petition filed in this Court on October 3, 2025. The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have

---

[22] *Id.* at 2–4.
[23] R. Doc. 19.
[24] *Id.* at 2, 5.
[25] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

Here, the State does not address the issues of timeliness, exhaustion, or procedural default.[26] Rather, as indicated, the State claims that this Court is without subject matter jurisdiction to consider Zaorski's habeas petition because she is not in custody. For the following reasons, the Court lacks jurisdiction over Zaorski's habeas petition.

### III. Lack of Subject Matter Jurisdiction

To be entitled to federal habeas corpus relief, a petitioner must be "in custody." 28 U.S.C. § 2254(a), (b)(1); *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001) (internal citation omitted) ("The first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court.") The Supreme Court has clarified that this requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Habeas corpus relief is not available in "cases in which the restraints on liberty are neither severe nor immediate." *Id.* In addressing who may seek habeas relief, however, the United

---

[26] R. Doc. 17 at 7.

States Supreme Court has indicated that "[n]othing in the language of [28 U.S.C. § 2244] requires that the state court judgment pursuant to which a person is in custody be a criminal conviction. Nor does 28 U.S.C. § 2254 … by its terms apply only to those in custody pursuant to a state criminal conviction." *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (noting that "federal habeas corpus review may be available to challenge the legality of … a state court order of civil contempt"). Further, the Supreme Court has for decades made very clear that "in custody" requirement is not limited to physical custody on the challenged state proceeding. *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300–01 (1984) (citing *Jones v. Cunningham,* 371 U.S. 236, 239 (1963), and *Hensley*, 411 U.S. 345).

In determining whether a habeas petitioner can satisfy the "in custody" requirement, the Court considers: (1) whether the petitioner is subject to restraints on her liberty not shared by the public generally; (2) whether incarceration is "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether holding that there is no custody simply postpones the habeas case until the petitioner is in jail. *Hensley*, 411 U.S. at 351–53.

Here, Zaorski fails to demonstrate that she is "in custody" to invoke subject matter jurisdiction over her habeas petition. First, she has not shown that the contempt judgment subjects her to restraints on her liberty not shared by the general public. The contempt judgment does not "significantly restrain petitioner's liberty to do those things which in this country free [persons] are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see Casique v. Cowan*, 1:18-CV-00188, 2019

7

WL 13218808, at 3 (S.D. Tex. Aug. 22, 2019) (finding "custody" requires "a significant restriction of liberty that is typically characterized either by ongoing government supervision or by the probability of imminent incarceration.") (citing *Spring v. Caldwell*, 692 F.2d 994, 998 (5th Cir. 1982). As the State correctly asserts,[27] while Zaorski, is obligated to comply with court orders and may be sanctioned if she fails to comply, the same is true of any civil litigant.

     Second, any future incarceration is entirely speculative and dependent on issues within Zaorski's control. To avoid future incarceration, Zaorski need only not be found in contempt at any future proceeding. *Nixon v. Brown*, No. 3:17-CV-1257-G-BK, 2017 WL 4053724, at *3 (N.D. Tex. Sep. 5, 2017) (finding "Petitioner controls whether he will be incarcerated in the future," as "he need only pay his child support arrerage to avoid incarceration."), *adopted*, 2017 WL 4005458 (N.D. Tex. Sept. 12, 2017), *certificate of appealability denied*, 2018 WL 11445889 (5th Cir. May 7, 2018); *Gore v. Callahan*, No. 3:15-CV-0272-K(BH), 2015 WL 4162760, at *3 (N.D. Tex. July 7, 2015) (petitioner had no restrictions on movement as long as he paid child support, fine, and attended battering intervention and prevent program classes), *adopted*, 2015 WL 4190784 (N.D. Tex. July 9, 2015), *certificate of appealability denied*, 2018 WL 11429836 (5th Cir. 2018). Additionally, should Zaorski fail to comply with the court's orders in the future, new contempt proceeding would first have to be instituted, and, only if she were found in contempt a second time, would she actually be faced with having to serve the suspended 15-day jail sentence. Finally, a future

---

[27] R. Doc. 19 at 2.

habeas proceeding is not inevitable. Zaorski will not have to serve a sentence as long as she avoids a future finding of contempt. *Nixon,* 2017 WL 4053724, at *3; *Gore,* 2015 WL 4162760, at *3 (finding incarceration entirely speculative where petitioner need only to pay the child support he owed to avoid incarceration); *Michaels v. Hackel,* Nos. 1:08-CV-14661, 1:08-CV-14662, 2011 WL 5184220, at *5–7 (E.D. Mich. Nov. 1, 2011) (future incarceration was not "imminent and inevitable" and thus, petitioners were not in custody, where they could continue to avoid incarceration by continuing to comply with the consent judgment and court order), *aff'd,* 491 F. App'x 670 (6th Cir. 2012).

For these reasons, Zaorski fails to show that she is "in custody" for purposes of § 2254, and the Court lacks jurisdiction over this action.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Linnzi Zaorski's application be **DISMISSED** for lack of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 13th day of February, 2026.

                                    */s/ Eva J. Dossier*
                                **EVA J. DOSSIER**
                                **UNITED STATES MAGISTRATE JUDGE**